JONES, Justice
(concurring specially).
The applicant, Kathleen Brooks Morris, entered law school in September 1982. At that time, she executed to the Bar a sworn application for registration as a law student; she executed a sworn application for admission to the Bar on November 26, 1985. Both applications were filed in a timely manner.
Allegations against Morris were submitted to the Bar on May 1,1984. The Bar failed, however, to notify Morris of the allegations until January 29, 1986, more than 20 months after its receipt of the charges. Morris continued and finished law school during this period of time.
The Bar may at two points refuse a law student’s request to sit for the Bar examination: at the time of student registration and at the time of the application for admission. Between these points, the Bar is obligated to receive information pertaining to a student’s character and fitness; it is not obligated by existing rules, however, to inform the student of its receipt of such information.
Our opinion in this case correctly states that the rules governing admission do not contain a requirement that the Bar inform a law student of information that might reflect unfavorably on the student’s prospective application for admission. The lack of such a rule, however, does not validate the admission procedure nor does it exonerate the Bar of its responsibility to promulgate and recommend for adoption a procedure through which it will be possible to resolve such situations in a more equitable manner.
Although I concur with the decision reached in this case, I also believe that the failure to notify a law student of information adverse to that student’s anticipated application for admission for an extended period of time necessarily prejudices that student’s ability to respond to the information. Additionally, the student’s loss of time and money in pursuit of a legal education is a material consideration.
In other words, the admission procedure must be administered within a reasonable time frame to protect the prospective applicant against arbitrary action. Otherwise, the equitable doctrine of estoppel, as well as fundamental principles of due process, may be invoked in favor of the applicant.